IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DARIO RIVERA
    Petitioner,

v.   CASE NO:1:97CR10137-002

UNITED STATES OF AMERICA
    Respondent.
_____/

BRIEF IN SUPPORT OF MOTION FOR REDUCTION OF SENTECE PURSUANT TO
28 U.S.C.A § 2255

COMES NOW PETITIONER, Dario Rivera, and respectfully moves this Honorable Court pursuant to 28 U.S.C. § 2255 to reduce his sentence by 5 points.

He justified this downward departure on grounds that his counselor falled to argue the Petitioner's ineligibility for minimum security confinement, drug program, and prerelease custody as a result of his status as a deportable alien constituted sugnifican mitigating factors that should have been considered by the sentencing court. in addition the petitioner request 3 points for aceptance of responsibility since the Counselor never argue that state convictions was calculated to decrease 3 points in an act of overrrepresentation or enhancemant of Petitioner Sentence.

## STATEMENT OF ISSUE UNDER CONSIDERATION

The petitioner respectfully request that this court adjudicate the following issues of law, to with:

1. COUNSELOR FALLED TO ARGUE THE PETITIONER'S INELIGIBILITY FOR MINIMUM SECURITY CONFINEMENT DRUG PROGRAM AND THE PRE-RELEASE CUSTODY THIS ARE MITIGATING FACTOR THAT THAT SHOULD BE CONSIDERE FOR TWO (2) POINT DAWNWARD DEPARTURE.

2. PETITIONER CRIMINAL HISTORY CATEGORY CALCULATION OVERSTATES THE HISTORY, COUNSELOR WAS INEFFECTIVE SINCE NEVER CORRECT
AND ARGUE 3 POINT ENHANCEMENT IN AN ACT OF OVER REPRESENTATION OF PETITONER SENTENCE.

The Petitoner asserts that the disparate sentence that result between alien and American inmates as consequence of Immigration detainer loged automatically in an alian's Bureau of Prison (BOP) files constitute a violation of equeal protection under the law. Const. Amend. 14.

Petitioner is a native o Santo Domingo Domincan Republic, a lawful permanent resident alien. Petitioner plea guilty to charges for conspiracy and controlled substance in violation purauant to 18 U.S.C. §§ 841 and 846. Petitioner thus became automatically deportable pursuant to 8 U.S.C. §§ 1227 (a)(2)(A)(iii) and 1101 (a)(43).

The pre-sentence report (PSI) should state clearly that the petitioner could be deported as a result of his conviction and counsel was well awarethat Petitioner was an alien. In spite of this, counsel fails to raise the isue of deportability as a mitigating circumstance at sentencing. The petitioner claims that this prejudicial omission by counsel constitute a performance below accepted professional standards which warrant resentencing. As well as the fact that Petitioner was a the fact that the Petitioner was awarded 3 points for acceptance of responsibility and this point was taken away due to trafict infraccions ans prior state conviections, coulsel should secured the 3 points departuer.

**LAW AND ARGUMENT**

1. **Prejudicial Error**

Pursuant to **United States v. Gaither**, F. 3d. 1040 (10th Cir 1993), trial courts may properly depart downward from sentencing guidelines if Sentencing Commission did not account for mitigating factors in **Unites States .v Smith**, 27 F.3d. 649 (DC 1994) (The defendant's ineligibility for pre-release custody and minimun security confinement as a resulr of his status as a deportable alein constitute a mitigation factors to be considered by the trial court). See also **United States v. White**, 71 F.3d 920, 922 (1995) (trial court granted defendant six month downward departure in accordance with **Smith** because defendant was an alien and accepted deportation, giving up his right to appeal,) and **United States v. Aqu**, 763 F. Supp. 703 (1991) (Trial court departed downward to account for mitigating circumstances steemming form consequences of alien defendant's accpting deportation).

II. **Ineffective Counsel**

Claims of ineffectivity of counsel must state that counsel's errors or omissions contitute a failure to exercise the skill and judgment of reasonably competent attorney, and that counsel's deficient performance prejudice the Petitioner., **Strickland v. Washington**, 466 U.S. 668, 686 (1984).

-4-

In the instant case, counsel was aware that Petitioner was an alien. Petitioner speaks english only whith difficulty.

Further, as stated above, the petitioner makes it clear to his counsel that he was subject to deportation. Counsel was informe at the early stage of petitioner case, that a deportation will take place in the future after the end of petitioner sentence, Counsel notified petitioner that he could be deported as a result of his conviction. Despite these flacks, counselor inexplicably fails to raise deportability as a mitifating factor at sentencing or to advised Petitioner of this form of relief.

This is even more perplexing in light of the Attorney General's Sentencing Memorandum to all U.S Attorney, Authorizing prosecuters to agree to recommend a one or two level downward departure form the applicable guideline sentencing range in retun for and alien's consession of deportability and agreement to accept a final order of deportability. Although the U.S Attorney's office for this district has chosen to exercise such discretion, through this memorandum the attorney General concedes that "such downward depature is justified on the basis that it is conduct not contemplated by the guidelines. See U.S.S.G §5K2.0" App. A at page 2. Counsel failed to raise this matter with the U.S. Attorney's office during plea negotiations, thus inexplicably and gratuitously forfeiting this gargaining ship to Petitioner's detriment.

This would not be so bad were it not for Petitioner's further further ineligibility for BOP early release programs. The Petitioner rendered ineligible to participate in the Drugh Rehabilitation Program as well. 18 U.S.C. § 3621, successful candidates typically obtain up to 1 Year reduction insentence upon completion of the course.

Petitoner's disqualification for community supervised "as a result of his immigration deatiner render him ineligible for this program 18 U.S.C. § 3621 (e) **Smith**, 27 F. 3d at 655, n.6. in other words, the Ninth and the Tenth Circuits have held that the fact that someone is deportable in not, in and of itself, a basis for downward departuer. However, they have neither explained why nor delved into the facts of the case. Only the Second Circuit has, in **Lara**,.

Ultimately relying on U.S.S.G., Ch. 1 Pt. A, § 4(b) and 18 U.S.C. § 3553(b), the **Smith**, court soundly rejected the reasoning of **Restrepo**, and by inference **Veloza**. In 18 U.S.C. §3553 (b), Congress directed that:

> " The court shall impose a sentence of the kind,
> and with in the range referred to in subsection (a)(4)
> unless the court finds that there exists an aggravating
> or mitigating circunstances of a kind, or tho a degree,
> not adequately taken into consideration by the Sentencing
> Commission in formulatin the guidelines......."

See **Smith**, 27 F. 3d at 651. Ch. 1, Pt. A, § 4(b) of the guidelines provide that such departures will be highly infrequent. As see **Smith**, 27 F. 3d at 655.

-6-

The Bureau of Prisons policy on the matters allows assignment to a minimum security prison or community correction center for deportable aleisn who have history of strong family or community ties, of domicile in the United States of five years or more, and stable emplyment and custody classificatuin manual Ch. 2-9. Id at 665. The Bureau of Prisons applies the sam,e criteria to it deremiantion as to whether an alein is eligible for minimum security facility Id. at 654.

The different courts circuits has held that hte fact of deportability, without more , is insufficient to warrant a downward departure under U.S.S.G § 5K2.0. **United States v. Cubillos**, 91 F. 3d 1342 (9th Cir. 1996 ). It further herl that "[t]he district courts mus make a refine assessment of the many facts bearing on the out come. "**Id** @ 1345. Petitoner take the position that the circumstance described in the neth section warranted that counsel argue for and the Court  consider at sentencing, the effects of his mandatory INS (Immigration and Naturalization Services) detai ner on petitioner's incarceration.

The United States Sentencing Commission did not consider that th impact of a defendant's status as a deportable alien would beget him harsher treatment by the Bureau of Prison .... **United States v. Anderson**, 82 F 3d 439 (D.C Cir. 1996). In citing **United states v. Smith**, 27 F. 3d 649 (DC. Cir. 1994), the **Anderson**

Court said:

> " In that case, holding that a down ward departure was permissible where defendant would serve his sentence under harsher conditions solely because hw was a deportable alien, nither the mayority nor the dissent could find any suggestion that the commission had considered that circumstaces at all in stablishing the guidelines.

<u>Anderson</u>, 82 F. 3d at 438

In <u>Smith</u>, The court carefully analyzed the bureau of Prisons approch to determining wheter a deportable alien may be eligible for community confinement (Halfway House) for the last ten percent of his sentence and wheter he may be designate to a minimum security facility before the last ten perscent of his sentence <u>Smith</u>, 27 F 3d at 654, the court concluded that a downward deparute may be appropriate if the defendant's status as a depoartable alein si likely to calsue him to be precluded from these benefits. <u>Id</u>, at. 665.

Although the Eleventh Circuit has taken a contradictory approach to this issue in <u>United States v. Veloza</u>, 83 F 3d 380, 382 (11th Cir 1996), the conflict among circuits creates the need to consider this matter further. The <u>Veloza</u>, court relies on the case of <u>United States v. Restrepo</u>, 999 F 2d 640, 644 (2nd Cir 1993) also see <u>United States v. Ebolum</u>, 72 F. 3d 35 (6th Cir 1995) and <u>United States v. Mendoza-Lopez</u>, 7 f3d 1483 (10th Cir 1993)

As the <u>Smith</u>, court noted,

> <u>Restrepo</u> was followed without further explanation in <u>United States v. Mendoza - Lopez</u>, 7 F 3d 1483 1487 (10th Cir 1993), and in <u>United States v. Nnanna</u>, 7 F. 3d 420 ( Cir 1993) <u>United States v. Alvarez</u>, 920 F 2d 734 (9th Cir 1990) rejected a defendant's unexplained claim that this stateus as a deportable alien was graunds for a downward departure. In that context, the court indeed observed that the mere fact of deportability idi not render his crime serious or speak to his character <u>Id</u> at 737. Thus, <u>Lara</u> [905 F 2d 599 (2nd Cir 1990) ][1] and its sequelae appeared to be the only case expressly addressing the issue of departures for circumstaces that accidently lead to an increase in the objective of incarceration. Cf. Dissent at 668.

The Petitioner is further barred from qualifying for early release pursuant to 18 U.S.C. § 3624 (c) a program which enables the prisoner to be phase into the community up to six months prior to his release date.

As an example of how these benefits create sentencing disparieties petitioner illustrates the following case :

an American sentence to 60 moths for a drug offence is eligible for a maximum reduction i his sentence of 1 year Drug Program and 6 moths halfway house, without considering good conduct time credits which is common to all inmates. The American national or citizen inmate is out on the streets a year and a half earlier than his alien counter part, this dispariety treatment is underserved

---

1. In <u>Lara</u> the court found deparute permissible becasue of defendant's potential for victimization <u>Id</u> at 601

and constitute a violation of equal protection of the law, Const. Amend 14.

2. **PETITIONER CRIMINAL HISTORY AND CATEGORY CALCULATION OVERSTATES THE HISTORY, COUNSELOR WAS INEFFECTIVE SINCE NEVER CORRECT AND ARGUE 3 POINT ENHANCEMENT IN AN ACT OF OVER REPRESENTATION OF PETITIONER SENTENCE.**

---

The Petitioner was convicted on January 20 1998, prior to the federal conviction he has three 3 prior state misdemeanor for possession of minute amount of illegal substance in May 21, 1996, two of those misdesmeanors was dismisse one place petitioner on home confinement by order of the state court.

"The Guidelines authorize a downward depature where the Court concludes that a defendant's criminal history category significantly over representes the seriousness of a defendant's criminal history or the likelihood that the defendnt will commit further crime." **Nichols v. Unites States**, 551 U.S. 738, 751-752, 114 S. Ct. 1921, 128 L. Ed. 745 (1994). Here a review of the facts and the petitioner's personal situation clearly demostrates that the Petitioner's criminal history category should be reduced and the 3 points for acceptance of responsibility awarded.

In **United States v. Mishoe**, 241 F. 3d 314 (2d Cir. 2001) The Court outlined specific guidelines to assist courts in their "individual considerations" of Petitoners' criminal history, and his aceptance of responsibility.

-11-

former Chief Judge Newman identified some, but not all, of the factors that a sentencing court may consider in assessing whether a horizontal departure is warrante: (1) the amount of drugs involved in Petitoner's prior offenses; (2) Petitoner's role in those offenses; (3) thesenteces previously imposed; (4) the amount of time previously served compare to the sentencing range called for by placement in the recommended criminal history category. Id . at PSI.

In the situation herin the petitoner aceptance of responsibility alowed the court to honored petitioner with 3 point downward in the calculation of his sentence those 3 points was never awarded under 3E1.1 Acceptance of Responsibility, it read clear that (a) if the defendant clearly demostrates acceptance of responsibility for his offense decrease the offense level by 2 levels and (b) If the defendant qualifies for a decrease undrer subsection (a), and in this present case the petitoner qualified, the offense lever determined prior to the operation of subsection (a) is level 16 or grater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

1. timely providing complete information to the government concerning his own involvement in the offense or
2. timely notifying autorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

**decrease the offense level by 1 additional level**

In the case of petitoner 3 levels should be awarded since petitioner

-12-

a). truthfully admitting the condust comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the petitioner is accountable unde § 1B1.3 (Relevant Conduct). Note that the Petitioner is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under section (a). A defendant may remain silent in respect to relevant conduct beyong the offense of conviction without offecting his ability to obtain a reduction under this subsection. However a defendant who falsely denies, a frivolously contest, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility; petitioner at this point should received assistace of counselor since he was not able to comunicate in inglish with the court and the authorities, the Petitioner cooperated with the authorities and:

- b). voluntarily terminated and withdraw form crininal conduct or associations
- c) voluntarily offers to make any payment of restitution prior to adjudication fo guilt;
- d) voluntary surrender to authorities promptly ofter commission of the offense;
- e) voluntary assistance to the authorities in the information and fruits and intrumentalities of the offense.
- f) the petitioner was involved in a post-offense rehabilitative efforts
- g) the timeliness of the petitioner's conduct in manifesting the acceptance of responsibility.

The petitioner complied with all the points cite aboved to be awarded

The sentencing judge is in unique position to evaluated the petitoner's acceptance of responsibility. For this reason the determination of the sentencing judge is entitled to great deference on review, the reduction of offense level provided by this section recognizes legitimate societal interes. For several reasons, a defendant who clearly demostrates acceptance of responsibility for his offense by taking, in a timely fashion, one or more of the action listed above (or some equivalent action) is appropriately givena lower offense level than a defendant who has no demostrate acceptance of responsibility, in the present case the Petitiner never was awarded with the 3 points for acceptance of responsibility a reduction on 3 point in the petitioner's criminal history calculation would certainly render the calcualtion fairer and more representative on his criminal hitory. Many jurisditction have recognized that the addition of points for minor offense for which petitoner received a sentence of time served or few months of community servide at the state level this additional points for minor offenses overstate the seriousness of petitoner's criminal history. **Unites States v. Francis**, 129 F. Supp. 2d 612. Here, the defendnat's designatoin in criminal history overstates the defendant's crininal past.

The petitioner claim that any enhancement of his sentence for prior state conviction rather than federal conviction are illegal **United States of America v. Richard Little**, and **Shepard v. U.S**, NO: 03-9168 Certiorari to the U.S Court of Appeals for the First Circuit (See attachs).

Base on this memorandum of law the petitioner respecfully requested that The Honorable court grant the petitioner a downward deaprture from criminal history and to awarde petitoner 3 point for his acceptance of responsibility becase the current designation does not adequtely refelct the seriousness of the Petitioner's criminal hisotory or likelood of recidivism.

### CONCLUSION

Wherefore, the Petitoner respectfully request tha the court grant his requested relief.

Date: Massachusetts Ayer
      May 3, 2005

                                        Respecfully Submitted

                                        _____
                                        Dario Rivera    (Pro-se)